UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

CARLOS ARCE,                                                    08 CV 3871 (JSR)

                                             Plaintiff,

              -against-

                                                    **NOTICE OF MOTION**

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, RAY KELLY AS COMMISSIONER OF
NEW YORK CITY POLICE DEPARTMENT,
DETECTIVE SHANE LEFEBVRE TAX ID #922634 and
UNDERCOVER DETECTIVE WITH SHIELD #7689,
AND JOHN DOE OFFICERS 1-10,

                                             Defendants.

------------------------------------------------------------------------- x

     **PLEASE TAKE NOTICE** that upon the Affidavit of Police Officer Shane

Lefebvre, sworn to on May 29, 2008; the accompanying Memorandum of Law dated May 29,

2008; and upon all the papers[1] and proceedings had herein, defendants City of New York, New

York City Police Department and Police Commissioner Raymond W. Kelly will move this

Court, before the Honorable Jed. S. Rakoff, at the United States Courthouse for the Southern

District of New York located at 500 Pearl Street, New York, New York, 10007, on June 26, 2008

at 11:00 AM, or as soon thereafter as counsel may be heard, for an order pursuant to 28 U.S.C. §

1404(a) transferring this action to the United States District Court for the Eastern District of New

York, together with such other relief as the Court may deem just and proper, on the grounds that

this

---

[1] For the Court's convenience, a copy of the Complaint is annexed hereto.

action might have been brought there, and the balance of convenience and justice favors transfer.


Dated:        New York, New York
              May 29, 2008

                          MICHAEL A. CARDOZO
                          Corporation Counsel of the City of New York
                          *Attorney for Defendants*
                          CITY OF NEW YORK, NEW YORK CITY
                          POLICE DEPARTMENT and POLICE
                          COMMISSIONER RAYMOND W. KELLY
                          100 Church Street, Room 3-162
                          New York, New York 10007
                          (212) 788-9391

              By:    _____
                          Barry Myrvold
                          Assistant Corporation Counsel

JUDGE RAKOFF

**UNITED STATES DISTRICT COURT**
**SOUTHISN DISTRICT OF NEW YORK**

**08 CV 3871**

------------------------------------------------------------- X

CARLOS ARCE,

                              **PLAINTIFF,**

      - against -

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, RAY KELLY
AS COMMISSIONER OF NEW YORK CITY POLICE
DEPARTMENT, DETECTIVE SHANE LEFEBVRE
TAX ID #922634 and UNDERCOVER DETECTIVE
WITH SHIELD #7689
AND JOHN DOE OFFICERS 1-10

                           **DEFENDANTS.**

------------------------------------------------------------- X

                        **CIVIL ACTION  NO.**

                <u>**VERIFIED COMPLAINT**</u>

                  <u>JURY DEMAND</u>

RECEIVED
APR 2 4 2008
U.S.D.C. S.D. N.Y.
CASHIERS

       The plaintiffs, complaining of the defendants, by their attorneys Law Office of Jose A. Muñiz, P.C., respectfully shows to this Court and alleges:

**NATURE OF ACTION**

1. This is an action to recover money damages arising out of defendants violations of plaintiff's rights under the constitution and laws of the United States and the State of New York, as a result of Plaintiff's arrest and incarceration on September 7, 2006, on the basis of filing false reports and testimony by Detective Lefebvre, and undercover detective (UC) with shield #7689 and an incomplete and dubious investigation of the charges. Plaintiff, who claimed his innocence throughout, was held in jail for over twenty four (24) hours and had to fight criminal charges until his case was dismissed in Criminal Court, Queens County on  June 7, 2007.

## JURISDICTION

2.  That Jurisdiction is founded upon the existence of a Federal Question.

3.  This is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. §1983) and arising under the law and statutes of the State of New York.

4.  Jurisdiction is founded upon U.S.C. §1331 AND 1343(3) and (4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of a right, privilege, and immunity secured to a plaintiff by the First Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

5.  The matter in controversy exceeds, exclusive of interest and costs, the sum of value of FIFTY THOUSAND ($50,000.00) DOLLARS.

## PARTIES

6.  That the plaintiff CARLOS ARCE is a legal resident of the United States and he is a resident of the City of New York, County of Queens, State of New York.

7.  Upon information and belief, that at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK, was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

2

8. Upon information and belief, that at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK, its agents, servants and employees operated, maintained and controlled the Police Department of the City of New York, including all the police officers thereof.

9. Upon information and belief, that at all times hereinafter mentioned, and on or prior to the September 75th, 2006, defendant Detective SHANE LEFEBVRE was employed by defendant, THE CITY OF NEW YORK, as a Detective.

10. Upon information and belief, that at all times hereinafter mentioned, and on or about September 7th 2006, defendant undercover police detective with Shield #7689, was employed by defendant the CITY OF NEW YORK as a Police Officer by the New York City Police Department.

11. Upon information and belief, that at all times hereinafter mentioned, and on or about September 7th 2006, defendants John Doe Officers 1-10 were employed by defendants the CITY OF NEW YORK.

12. Upon information and belief, that at all times hereinafter mentioned, and on or about September 7th, 2006, defendant Raymond Kelly was employed by defendant CITY OF NEW YORK as Commissioner of the Police Department of the City of New York, is also presently acting as Commissioner of the Police Department of the City of New York.

13. This action arises under the United States Constitution, particularly under provision of the Fourth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 and the rights under the Constitution and laws of the State of New York.

14. individuals, but under the color and pretense of the statutes, ordinance, regulations, customs and usages of the State of New York, the City of New York and the County of Queens, city and county.

**JURY DEMAND**

15. Plaintiff demand trial by jury in this action.

**AS AND FOR THE FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFF CARLOS ARCE
FOR VIOLATION OF HIS CIVIL RIGHTS UNDER 42 USC 1983**

16. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked FIRST though FIFTEEN with the same force and effect as is more fully and at length set forth herein.

17. That on or about September 7, 2006, plaintiff, CARLOS ARCE, was lawfully and properly on the Streets of New York, in the County of Queens, City and State of New York at which time and place defendants then and there were at, as part of their regular and official employment as police officer for the defendant, THE CITY OF NEW YORK.

18. As the plaintiff was lawfully and properly on the streets of New York, Detective Lefebvre and Undercover Police Detective with shield #7689, who having the real and apparent ability to cause imminent harmful and offensive bodily contact and the power and authority to arrest and imprison the plaintiff did so threaten these acts upon the plaintiff, who, after continuing his lawful activity, was arrested and detained by Lefebvre and undercover police Detective with shield #7689 and others officers.

his lawful activity, was arrested and detained by Lefebvre and undercover police Detective with shield #7689 and others officers.

19. Immediately thereafter, the aforementioned defendants, their agents, servants and employees falsely arrested and imprisoned the plaintiff and deprived his of his rights and liberties as set forth in the Constitutions of the United States and of the State of New York, and threatened plaintiff with the possible use of physical force; in that they imprisoned his without any conduct on the part of the plaintiff to so warrant;

To wit:

A) in that all of the actions of the defendants, their servants and employees, were committed with the intention to cause mental injury to the plaintiff, to arrest, restrain and imprison the plaintiff without his consent, the plaintiff was at all times conscious of the arrest, did not consent to the false arrest and imprisonment and was not otherwise privileged; and,

B) the arrest and imprisonment were not justified by probable cause or others legal privilege; defendants, their agents, servants and employees, acting under the usages of the State, City and County of New York, and under the authority of their office as police officer for said City, falsely charge the plaintiff with crimes although the defendants, acting in such capacity knew that such chargers were false; and,

C) that the defendants, their agents, servants and employees failed to adequately and properly hire, retain, train, supervise, discipline or in any others way control the behavior and performance of the defendants, their agents, servants and employees and in their hiring practices in the exercise of their police functions and their failure to enforce the laws of the State and City of New York is evidence of the reckless lack of cautious regard for the rights of the public including plaintiff and exhibited a lack of the degree of due care which prudent and reasonable individuals would show in executing the duties of the defendants; and,

D) the failure of the defendants, their agents, servants and employees to hire, train, supervise, discipline or in any others way control the defendants, in the exercise of their functions and to enforce the laws of the State of New York and the City of New York was and is carried our willfully, wantonly, maliciously, and with such reckless disregard for the dangers of harm and injury to the citizens of the Stare and City of New York including plaintiff, and,

E) due to the act of the defendants, their agents, servants and employees herein, the failure of the City of New York to discipline and properly hire defendants and the continued employment of the defendants present a clear and present danger to the citizens the of the City and the States of New York; and,

F)) that the said prosecution and criminal charges were instituted and procured by the Defendants, their agents, servants and employees in this action unlawfully and maliciously and without any reasonable or probable cause whatsoever. That the commencement and/ or continuation of the criminal proceedings by the defendants against the plaintiff was without probable cause, with actual malice and was terminated in favor of the plaintiff; and,

G) that the defendants, their agents, servants and employees permitted the use of a policy and/or drafted policy that was violative of the Constitutional rights of the above named plaintiff; in that each and all of the acts alleged herein were done not as individuals but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State New York, the City of New York and the County of Queens and under the authority of their office as police officers for said city and county,

20. Plaintiff did not commit any illegal act, either before or at time she was falsely arrested and imprisoned, maliciously prosecuted and deprived of his constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C Section 1983 and the Constitution of the State of New York.

6

21. As a direct result of the illegal actions and conduct on the part of the defendants, their agents, servants and employees,  plaintiff was falsely arrested and imprisoned, maliciously prosecuted and compelled to be arraigned and appear in  Criminal Court in the City of New York, County of Queens and served twenty four (24) hours in jail.

22. That at all times hereinafter mentioned, the defendants were employed in their respective capacities by the defendants THE CITY OF NEW YORK and were acting under the color of their official capacity and their acts were performed under the color or the policies, statutes, ordinances, rules and regulations of City of New York.

23. That at all times hereinafter mentioned, defendants, police officers and/or Detectives Lefebvre and Undercover Police Detective with shield #7689, and John Does 1-10, were acting pursuant to orders and directives from defendant THE CITY OF NEW YORK.

24. That during all times hereinafter mentioned, the defendant Police Officers and/or detectives separately, and in concert acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the City of New York and the defendants here, separately and in concert, engaged in the illegal conduct here mentioned to the injury of the plaintiff of the rights, privileges and immunities secured to plaintiff by the First, Fourth and Fourteen Amendments to the Constitution of the United States.

25. That by reason of the foregoing, the plaintiff has been damaged in a sum to be determined at trial.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF CARLOS ARCE
### FOR MALICIOUS PROSECUTION UNDER 42 USC 1983

26. Plaintiff repeats, reiterates and alleges each and every allegation contained in paragraphs market FIRST through TWENTY FIVE with the force and effect as is more fully set forth herein.

27. That on or about 7th day of September, 2006, in the City and State of New York, County of Queens, and at subsequent times thereafter, including but not limited to the Queens Precinct, central booking, Criminal Court, the defendants, their agents, servants and employees maliciously prosecuted and detained plaintiff, CARLOS ARCE, without any just right or grounds thereof. That the plaintiff was wholly innocent, and was forced by the defendants to submit to court proceedings.

28. That the defendants, their agents, servants and employees acting in the performance of their employment and within the scope of their authority, testified falsely and withheld vital information before the Justice of the Criminal Court of the State of New York, in the County of Queens, and provided misleading testimony and filed false reports.

29. That on June 7, 2007, the Criminal Court of the State of New York, County of Queens, dismissed the charges.

30. That the said prosecution and criminal charges and hearings were instituted and procured by the defendants, their agents, servants and employees in this action unlawfully and maliciously and without any reasonable or probable cause whatsoever. That the commencement and/ or continuation of the criminal proceedings by the defendants against the plaintiff was without probable cause, with malice and was terminated in favor of the plaintiff.

31. That by reason of the aforesaid unlawful and malicious prosecution, and abuse of process. The plaintiff was deprived of his liberty, was subjected to great indignity, humiliation, pain and great distress of mind and body and was held up to scorn and ridicule, was injured in his character and reputation, was prevented from attending his usual business and avocation, was injured in his reputation in the community and the said plaintiff has been otherwise damaged.

32. That by reason of the aforesaid, the plaintiff has been damaged in a sum to be determined at trial.

**AS AND FOR A THIRD CAUSE
OF ACTION ON BEHALF OF PLAINTIFF
CARLOS ARCE FOR MALICIOUS
ABUSE OF PROCESS UNDER 42 USC 1983**

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs market FIRST through THIRTY TWO with the same force and effect if more fully and at length set forth herein.

34. That on or about September 7th, 2006, in The County of Queens, City and State of New York, and at subsequent times thereafter, including but not limited to the Criminal Court, the defendants, their agents, servants and

employees maliciously prosecuted and detained plaintiff, CARLOS ARCE, without any just right or grounds therefore.

35. That the plaintiff was and is wholly innocent, and was forced by the defendants to submit to court proceedings.

36. That the defendants, their agents and employees acting in the performance of their employment and within the scope of their authority, testified falsely and withheld vital information before a Justice of the Criminal Court of the State of New York, in the County of Queens.

37. That on June 7, 2007; the Criminal Court of the State of New York, dismissed all charges against the plaintiff.

38. That the said prosecution and criminal charges and hearings were instituted and procured by the defendants, their agents, servants and employees in this action unlawfully and maliciously and without any reasonable or probable cause whatsoever therein. That the commencement and/or continuation of the criminal proceedings by the defendants against the plaintiff was without probable cause, with actual malice and was terminated in favor of the plaintiff.

39. It was the intent and end result of the defendants to harm the plaintiff and deprive his of his civil rights.

40. That defendants action of falsely arresting and charging plaintiff, and his malicious prosecution and illegal imprisonment was done in order to obtain an illegal collateral objective, which was outside the legitimate ends of the Criminal Justice process.

41. That by reason of he aforesaid unlawful and malicious abuse of process the plaintiff was deprived of his liberty, was subjected to great indignity, humiliation, pain and great distress of mind and body was held up to scorn and ridicule, was injured in his character and reputation, was prevented from attending his usual business and avocation, was injured in his reputation in the community and the said plaintiff has been otherwise damaged.

42. That by reason of he aforesaid, the plaintiff has been damaged in a sum to be determine at trial.

43. That by reason of the aforesaid false arrest and false imprisonment, malicious prosecution and abuse of process and deprivation of his rights and liberties as guaranteed by the aforementioned constitutions, by the defendants, their agents, servants and employees, acting within the scope of their authority, and without any probable or reasonable cause, the plaintiff suffered great mental injury and was rendered sick, disabled, and among others things, she suffered conscious pain and suffering, and that she was otherwise damaged.

That by reason of the aforesaid, the plaintiff requests the following relief:

    a) Compensatory damages in a sum of to be determined at trial;

    b) Punitive damages in a sum to be determined at trial;

    c) An award of reasonable attorney's fees, costs and disbursements;

An, such others and further relief as this Court may deem just, meet and proper under the circumstances.

## PLAINTIFFS DEMAND TRIAL BY JURY

Dated:  New York, New York
        January    , 2008

THE LAW OFFICE OF JOSE A. MUÑIZ, P.C.
BY: JOSE A. MUÑIZ, ESQ.
305 BROADWAY, SUITE 200
NEW YORK, NEW YORK, 10007
(212) 964-3736

12

## VERIFICATION

CARLOS ARCE being duly sworn deposes and says:

I am the plaintiff herein and have read the foregoing VERIFIED COMPLAINT and know the contents to be true to my own knowledge except as to those matters therein stated to upon information and belief, and that, as to those matters, I believe them to be true.

DATED:  NEW YORK, NEW YORK
           January   , 2008

                                  CARLOS ARCE

Sworn to before me this
      day of January 2008.

NOTARY

JOSE A. MUÑIZ
Notary Public, State of New York
01 MU -01-4877190
Qualified in New York County
Certificate Filed in Bronx & Queens County
Commission Expires October 27, 2010

13