08 CV 3871 (JSR)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS ARCE,

                                        Plaintiff,

                    -against-

CITY OF NEW YORK, ET AL.,

                                        Defendants.

## DEFENDANTS' MEMORANDUM OF LAW

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
*Attorney for Defendants*
CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT AND POLICE COMMISSIONER
RAYMOND W. KELLY
100 Church Street
New York, New York 10007
(212) 788-9391

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................. i

PRELIMINARY STATEMENT ...................................................................................... 1

STATEMENT OF FACTS .............................................................................................. 2

ARGUMENT

       VENUE OF THIS ACTION MORE PROPERLY BELONGS IN THE EASTERN DISTRICT OF NEW YORK ............................................................................ 3

   POINT I

       THE INSTANT ACTION MIGHT HAVE BEEN BROUGH IN THE EASTERN DISTRICT ................................................. 4

   POINT II

       THE BALANCE OF CONVENIENCE AND JUSTICE FAVORS TRANSFER ................................................................. 5

CONCLUSION ............................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**                                                                                                    **Pages**

Amersham Pharmacia Biotech v. Perkin-Elmer Corp.,
    11 F. Supp. 2d 729 (S.D.N.Y. 1998)........................................................................5, 6

Avemco Ins. Co. v. GSF Holding Corp.,
    1997 U.S. Dist. LEXIS 13716 (S.D.N.Y. 1997)........................................................7

Baker v. Bennett,
    942 F. Supp. 171 (S.D.N.Y. 1996) ...........................................................................3

Baker v. Coughlin, ,
    No. 93 Civ. 1084, 1993 U.S. Dist. LEXIS 12445 (S.D.N.Y. Sept. 9, 1993) ............6

Bionx Implants, Inc. v. Biomet, Inc.,
    99 Civ. 740, 1999 U.S. Dist. LEXIS 8031 (S.D.N.Y. May 27, 1999).......................6

Cain v. N.Y. State Bd. Of Elections,
    630 F. Supp. 221 (E.D.N.Y. 1986) ...........................................................................5, 8

Coughlin v. L.I.R.R. Co.,
    1992 U.S. Dist. LEXIS 14766 (S.D.N.Y. 1992).........................................................7

First City Fed. Sav. Bank v. Register,
    677 F. Supp. 236, 237 (S.D.N.Y. 1988).....................................................................6

Flaherty v. All Hampton Limousine, Inc.,
    2002 U.S. Dist. LEXIS 15171 (S.D.N.Y. 2002).........................................................7

Grace v. Bank Leumi Trust Co.,
    02 Civ. 6612, 2004 U.S. Dist LEXIS 5294 (S.D.N.Y. Mar. 31, 2004) ..................4, 8

Hasan v. The City of New York,
    S.D.N.Y. 07 CV 11467(VM) (Jan. 7, 2008) ..............................................................7

In re Cuyahoga Equip. Corp.,
    980 F.2d 110 (2d Cir. 1992)......................................................................................5, 6

Keiffer v. E.F. Hutton,
    No. 83-Civ-6802, 1984 U.S. Dist. LEXIS 17441 (S.D.N.Y. Apr. 19, 1984) ............8

Lochren v. County of Suffolk,
    2008 U.S. Dist. LEXIS 38100 (E.D.N.Y., May 8, 2008) ..........................................8

McCain v. Rahal Letterman Racing, LLC,
  2007 U.S. Dist. LEXIS 63091 (S.D.N.Y. Aug. 24, 2007) ....................................................6, 8

Pharm. Res., Inc. v. Alpharma USPD Inc.,
  02 Civ. 1015, 2002 U.S. Dist. LEXIS 8549 (S.D.N.Y. May 13, 2002) ....................................6

McDonald v. Gen. Accident Insurance Co., ,
  1996 U.S. Dist. LEXIS 15138, No. 96-CV-326 (N.D.N.Y. Oct. 7, 1996) ...............................4

Posven, C.A. v. Liberty Mut. Ins. Co.,
  303 F. Supp. 2d 391 (S.D.N.Y. 2004) ....................................................................................4

Richardson v. City of New York,
  87 Civ. 214, 1988 U.S. Dist LEXIS 16746 (S.D.N.Y. Oct. 14, 1988) ....................................7

Sylvia Burrus v. City of New York,
  S.D.N.Y. 07 CV 5573 (RJS) (Dec. 29, 2007) .........................................................................7

Williams v. City of New York,
  03 Civ. 5342, 2006 U.S. Dist. LEXIS 6470 (S.D.N.Y. Feb. 16, 2006) ...................................3

## **Statutes**

28 U.S.C. § 1404....................................................................................................................1, 5, 9

28 U.S.C. § 1391.......................................................................................................................4, 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CARLOS ARCE,

                                          Plaintiff,            08 CV 3871 (JSR)

              -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, RAY KELLY AS COMMISSIONER OF
NEW YORK CITY POLICE DEPARTMENT,
DETECTIVE SHANE LEFEBVRE TAX ID #922634 and
UNDERCOVER DETECTIVE WITH SHIELD #7689,
AND JOHN DOE OFFICERS 1-10,

                                          Defendants.

------------------------------------------------------------------------ x

### MEMORANDUM OF LAW
### IN SUPPORT OF MOTION
### TO TRANSFER VENUE

#### Preliminary Statement

      Defendants City of New York, New York City Police Department and Police

Commissioner Raymond W. Kelly respectfully submit this memorandum of law in support of

their motion, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the United States District

Court for the Eastern District of New York.

      This case should be tried in the Eastern District. Venue is proper in the Eastern

District. This case might have been brought in the Eastern District – plaintiff is a resident of

Queens County, the individual defendant officers who were involved in plaintiff's arrests are

assigned to the Queens County Vice Enforcement Squad, and all of the alleged events which

gave rise to plaintiff's claims occurred in Queens County. See Point I below. Further, the

balance of convenience and justice favors transfer from the Southern to the Eastern Districts.

While the convenience of the parties and witnesses only marginally favors the Eastern District over the Southern District given the near proximity of the two courthouses, transfer to the Eastern District would serve the interests of justice by preventing forum shopping. If all § 1983 cases against the City, or its agencies could be brought in the Southern District regardless of the site of the underlying events, the individual parties and the witnesses, all such cases may be brought in the Southern and few or none in the Eastern District given the perceived climate of this district over the Eastern and given the higher reasonable attorney's fees awards. As the operative facts have no meaningful connection with the Southern District, plaintiff's choice of forum should not be accorded deference, and, in turn, defendants' motion to transfer should be granted. See Point II below.

## STATEMENT OF FACTS

Plaintiff, Carlos Arce, is, and was as of September 7, 2006, the date of the underlying incident, a resident of Queens. See Plaintiff's Complaint ("Compl."), ¶ 6. Upon information and belief, he resided at 83-36 Beverly Road in Kew Gardens. Affidavit of Detective Shane Lefebvre, dated May 29, 2008 ("Lefebvre Aff't"), ¶ 6. The individual police officer defendants, Police Officer Shane Lefebvre and the undercover officer (UC#7688), who were involved in the underlying incident, were assigned to the Queens Vice Enforcement Squad. The Queens Vice Enforcement Squad's offices are located in Elmhurst, New York (northern Queens). Lefebvre Aff't, ¶¶ 1-3.

Plaintiff alleges, in a bare bones fashion, that on September 7, 2006, he was lawfully and properly on one of the streets in Queens when he was unlawfully arrested. Compl., ¶ 18. Plaintiff also alleges that he was held in custody for about 24 hours in Queens County, and was arraigned, and maliciously prosecuted in the Queens County Criminal Court. Compl., ¶¶ 21,

27-29, 34-37. More specifically, plaintiff was arrested at 63-03 39th Avenue in Woodside, was transported to the Queens Vice Enforcement Squad Offices located in Elmhurst, New York for arrest processing, and upon information and belief, plaintiff was transported to a central booking facility in Queens County. Compl., ¶ 21; Lefebvre Aff't, ¶ 5. Plaintiff does not allege that any part of the arrest giving rise to his claim occurred outside of Queens. Compl., ¶¶ 1, 6, 18, 21, 27-29, 34-37.

## Argument

### VENUE OF THIS ACTION MORE PROPERLY BELONGS IN THE EASTERN DISTRICT OF NEW YORK

Defendants bring this motion, pursuant to 28 U.S.C. § 1404(a), to transfer this action from the Southern District to the Eastern District of New York – the more suitable venue. Section 1404(a) provides, "For the convenience of the parties and witness, in the interests of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). Motions to transfer venue are governed by a two-part test: (1) whether the action to be transferred "might have been brought" in the transferee venue; and (2) whether the balance of convenience and justice favors transfer. Baker v. Bennett, 942 F. Supp. 171, 175-76 (S.D.N.Y. 1996); Williams v. City of New York, No. 03 Civ. 5342, 2006 U.S. Dist. LEXIS 6470, at *5 (S.D.N.Y. Feb. 16, 2006).

Applying this test to the matter at bar, it is clear that the present action might have been brought in the Eastern District. Finally, the balance of convenience and justice heavily favors the Eastern District. Thus, the Court should grant defendants' motion and this case should be transferred to the Eastern District.

- 3 -

## POINT 1

## THE INSTANT ACTION MIGHT HAVE BEEN BROUGHT IN EASTERN DISTRICT

The threshold question for any court considering a motion to transfer under § 1404(a) is whether the action might have been brought in the transferee district. Grace v. Bank Leumi Trust Co., No. 02 Civ. 6612, 2004 U.S. Dist LEXIS 5294, at *6 (S.D.N.Y. Mar. 31, 2004). "For the purposes of [§]1404(a), an action might have been brought in another forum if, at the time the action was originally filed, the transferee court would have had subject matter jurisdiction and personal jurisdiction over the defendants, and if venue would have been proper in the transferee court." Id. (quoting Posven, C.A. v. Liberty Mut. Ins. Co., 303 F. Supp. 2d 391 (S.D.N.Y. 2004)). First, just as this Court has subject matter jurisdiction over the instant action, so too does the Eastern District. See 28 U.S.C. §§ 1331, 1343, 1367 and 42 U.S.C. §§ 1983, 1988. Second, the Eastern District has personal jurisdiction over all of the defendants in this case. See Grace, 2004 U.S. Dist. LEXIS, at * 7 ("The Court cannot divine a situation where the Southern District [of New York] would have personal jurisdiction [over a defendant] but the Eastern District [of New York] would not.").

Moreover, venue is proper – and, ultimately, more appropriate – in the Eastern District. 28 U.S.C. § 1391(b) controls venue in this case. McDonald v. Gen. Accident Insurance Co., 1996 U.S. Dist. LEXIS 15138, No. 96-CV-326, at *6 (N.D.N.Y. Oct. 7, 1996) ("[f]or claims under [42 U.S.C.] § 1983, 28 U.S.C. § 1391(b) governs venue"). Section 1391(b) provides, in pertinent part:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law,

> be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . .

28 U.S.C. § 1391(b).  As indicated above, the individual police officer defendants who were involved in the underlying arrest were and are assigned to Queens Vice Enforcement Squad, and perform their duties in Queens.  See Cain v. N.Y. State Bd. Of Elections, 630 F. Supp. 221, 225 (E.D.N.Y. 1986) ("In a suit against a public agency or its officials, 'residence,' for venue purposes, is where the officials involved perform their duties.").  Moreover, all of the events giving rise to plaintiff's false arrest and malicious prosecution claims occurred in Queens. Compl. ¶¶ 1, 6, 18, 21, 27-29, 34-37.  Venue is therefore proper in the Eastern District and thus this case might have been brought there.  As such, transfer turns upon the balance of convenience and justice.

## POINT II

## THE BALANCE OF CONVENIENCE AND
## JUSTICE FAVORS TRANSFER

Since this action might have been brought in the Eastern District "[r]esolution of a § 1404(a) motion lies 'within the broad discretion of the district court and [is] determined upon notions of convenience and fairness on a case-by-case basis.'" Amersham Pharmacia Biotech v. Perkin-Elmer Corp., 11 F. Supp. 2d 729, 730 (S.D.N.Y. 1998) (quoting In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992)).  In making this determination, courts generally consider several factors, including

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's

- 5 -

familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of circumstances.

McCain v. Rahal Letterman Racing, LLC, 2007 U.S. Dist. LEXIS 63091, 10-11 (S.D.N.Y. Aug. 24, 2007) (quoting Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp., 11 F. Supp. 2d at 730).

When considering these factors, the Court has "considerable discretion in adjudicating [the motion] according to an individualized, case-by-case consideration of convenience and fairness." Bionx Implants, Inc. v. Biomet, Inc., No. 99 Civ. 740, 1999 U.S. Dist. LEXIS 8031, at *3 (S.D.N.Y. May 27, 1999) (quoting In re Cuyahoga Equip. Corp., 980 F.2d at 117). Also no individual factor is determinative and a court has discretion to weigh each factor to reach a fair result. See Pharm. Res., Inc. v. Alpharma USPD Inc., No. 02 Civ. 1015, 2002 U.S. Dist. LEXIS 8549, at *5 (S.D.N.Y. May 13, 2002).

Application of these factors to the instant case favors transfer. The first and third factors, the convenience of the parties and the witnesses, are considered the "essential criteria under the venue statute." Baker v. Coughlin, No. 93 Civ. 1084, 1993 U.S. Dist. LEXIS 12445, at *12 (S.D.N.Y. Sept. 9, 1993) (quoting First City Fed. Sav. Bank v. Register, 677 F. Supp. 236, 237 (S.D.N.Y. 1988)). Both of these factors are either neutral or marginally favor the Eastern District: plaintiff lives in Queens, and the individual defendant police officers are assigned to the Queens Vice Enforcement Squad whose offices are located in Queens, Lefebvre Aff't, ¶¶ 2-6, and, presumably, any witnesses, such as the Assistant District Attorney assigned to this matter are in the Queens County District Attorney's Offices. While it cannot be said that it would be inconvenient for the plaintiff and individual police officer defendants and witnesses to appear in Manhattan, it would be marginally easier for the parties to appear in Brooklyn, which is

- 6 -

marginally closer to Queens. And even though "the Eastern and Southern District Courthouses are separated by only four subway stops," common sense dictates that a claim by plaintiff who lives in Queens, against defendants who are assigned to Queens, based on events which occurred in Queens, should be heard in the Eastern District.[1]  Grace v. Bank Leumi Trust Co., No. 02 Civ. 6612, 2004 U.S. Dist LEXIS 5294, at *10 (S.D.N.Y. Mar. 31, 2004) (quoting Richardson v. City of New York, No. 87 Civ. 214, 1988 U.S. Dist LEXIS 16746, at *4 (S.D.N.Y. Oct. 14, 1988)). Likewise, the second factor – the location of relevant documents and relative ease of access to sources of proof – is neutral or marginally favors the Eastern District.  Because the individual police officer defendants are assigned to Queens, all of their records, reports and other documentation of the alleged incident would be located there.  Likewise, the Queens Criminal Court files, and presumably the Queens County District attorney files are also located in Queens.

The fourth factor favors transfer.  The alleged arrest and subsequent prosecution occurred in Queens.  Compl., ¶¶ 1, 6, 18, 21, 27-29, 34-37; Lefebvre Aff't, ¶¶ 4-5.  Plaintiff does not allege that any part of the underlying incident occurred outside of Queens County.  Compl., ¶¶ 1, 6, 18, 21, 27-29, 34-37.  The fifth, sixth, and seventh factors are neutral.  It will be no more difficult – and, most likely, even easier – to compel any unwilling witnesses to appear in the Eastern District.  Also, the means of the parties will not be affected if this action is transferred to the Eastern District, and that court is equally familiar with the governing law.

---

[1] The proximity between the Southern and Eastern Districts also does not hinder efforts to transfer this action. While one court has found the distance between these two *fora* to be so small as to militate against transfer, see Coughlin v. Long I. R. Co., 1992 U.S. Dist. LEXIS 14766, at *7 (S.D.N.Y. 1992), other courts have found otherwise.  See Flaherty v. All Hampton Limousine, Inc., 2002 U.S. Dist. LEXIS 15171 (S.D.N.Y. 2002); see also Avemco Ins. Co. v. GSF Holding Corp., 1997 U.S. Dist. LEXIS 13716, at *20-21 (S.D.N.Y. 1997) (distance not a factor in granting transfer motion from plaintiff's chosen forum [S.D.N.Y.] to the defendant's choice [D.N.J.]).  Further, cases have routinely been transferred from the Southern to the Eastern District in identical circumstances.  See, e.g., Hasan v. The City of New York, S.D.N.Y. 07 CV 11467(VM) (Jan. 7, 2008) (action sua sponte transferred to Eastern District where plaintiff resided in Brooklyn and events giving rise to action occurred in Brooklyn); Sylvia Burrus v. City of New York, S.D.N.Y. 07 CV 5573 (RJS) (Dec. 29, 2007) (action transferred to Eastern District where most of the material events, documents, persons, and potential witnesses were in the Eastern District).  Copies of the latter two unreported decisions are attached to this memorandum.

Regarding to the eighth factor, while courts generally defer to the plaintiff's choice of forum, "that choice is not absolute." <u>Grace</u>, 2004 U.S. Dist. LEXIS 5294, at *10 (quoting <u>Keiffer v. E.F. Hutton</u>, No. 83-Civ-6802, 1984 U.S. Dist. LEXIS 17441, at *10 (S.D.N.Y. Apr. 19, 1984)). Indeed, plaintiff's choice of forum "is not entitled to the weight generally accorded such a decision where there is lacking any material connection between the forum and the events allegedly underlying the cause of action." <u>Cain</u>, 630 F. Supp. 2d at 227; <u>see also McCain v. Rahal Letterman Racing, LLC</u>, 2007 U.S. Dist. LEXIS 63091, at *11 (S.D.N.Y. Aug. 24, 2007) (stating that where, as here, the plaintiff does not reside in the district where he brought the case and the case has little to do with that district, plaintiff's choice of forum is entitled to less deference and is not sufficient in itself to prevent transfer). With regard to this action, there is but a singular connection to the Southern District of New York: the location of the NYPD's and Kelly's offices. It can hardly be argued that this is a meaningful connection. In contrast, all meaningful connections are with Queens: the alleged incident occurred there; plaintiff lives there; the individual police officer defendants are assigned there, and plaintiff was purportedly detained and prosecuted there.

Finally, the ninth factor – trial efficiency and the interests of justice – strongly supports transfer given this action's nexus in the Eastern District. Specifically, if all § 1983 cases against the City, or its agencies, could be brought in the Southern District regardless of the site of the underlying events, the individual parties and the witnesses, all such cases may be brought in the Southern rather than the Eastern District given the perceived favorable climate of this district, and given that the Southern District generally awards a higher reasonable rate for attorneys' fees in § 1983 actions. <u>See, e.g.</u> <u>Lochren v. County of Suffolk</u>, 2008 U.S. Dist. LEXIS 38100, *8-16 (E.D.N.Y., May 8, 2008) (comparing awards of attorney's fees awarded in the

Southern and Eastern Districts). Unless such forum shopping is constrained, these factors could create a huge imbalance in workload between the Southern and Eastern Districts in § 1983 cases against the City, or its agencies. Therefore, the balance of convenience heavily favors transfer, and, in turn, defendants' motion to transfer should be granted.

## **CONCLUSION**

For the reasons set forth herein, defendants respectfully request that this Court grant their motion, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the Eastern District of New York.

Dated:      New York, New York
            May 29, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
*Attorney for Defendants*
CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT and RAYMOND W.
KELLY
100 Church Street, Room 3-162
New York, New York 10007
(212) 788-9391
bmyrvold@law.nyc.gov

By:    _____
       Barry Myrvold

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
TAJI HASAN,                           :
                                      :
                   Plaintiff,         :
                                      :        07 CIV 11467(VM)
          - against -                 :
                                      :
THE CITY OF NEW YORK, et al.,         :        **ORDER**
                                      :
                   Defendants.        :
-------------------------------------X

**VICTOR MARRERO, United States District Judge.**

        In reviewing the Complaint filed in this matter the Court
has noted that plaintiff Taji Hasan ("Hasan") asserts that he
is a resident of Brooklyn, Kings County, New York, and that
defendant City of New York (the "City"), is a municipal
corporation of the State of New York, and that the individuals
names as defendants were officers of the City's Police
Department ("NYPD") at the relevant times. The complaint
indicates that the events giving rise to the underlying
action occurred in connection with the alleged unlawful arrest
and prosecution of Hasan following an incident on or about the
NYPD's 83rd Precinct in Brooklyn, New York. It therefore
appears that all or most of the material events, documents,
persons and potential witnesses related to this action are
located in the Eastern District of New York. Accordingly, it
is hereby

        **ORDERED** that in the interest of justice, the maximum

convenience to the parties and witnesses, and of the efficient management of this Court's docket, the Clerk of Court is directed to transfer this case to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a).

SO ORDERED.

DATED:     NEW YORK, NEW YORK
           4 January 2008

                                VICTOR MARRERO
                                U.S.D.J.

-2-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SYLVIA BURRUS, *et al.*,

        Plaintiffs,

    -v-

THE CITY OF NEW YORK, *et al.*,

        Defendants.

No. 07 Civ. 5573 (RJS)
ORDER

VICTOR FIELDS, *et al.*,

        Plaintiffs,

    -v-

THE CITY OF NEW YORK, *et al.*,

        Defendants.

No. 07 Civ. 6681 (RJS)

TAMISE MCLAUGHLIN, *et al.*,

        Plaintiffs,

    -v-

THE CITY OF NEW YORK, *et al.*,

        Defendants.

No. 07 Civ. 6774 (RJS)

RICHARD J. SULLIVAN, District Judge:

      Defendants in the three above-entitled actions seek (1) to consolidate the actions, and (2) to transfer the actions to the Eastern District of New York. Plaintiffs oppose defendants' application on the ground that (1) consolidation is inappropriate because there are distinct factual and legal issues in the three actions, and (2) the actions are properly venued in the Southern

District of New York because a portion of the events underlying plaintiffs' respective claims occurred in this district. For the following reasons, the Court consolidates the actions and transfers them to the Eastern District of New York.

First, the Court finds that, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and Local Rule 15 of the Southern District of New York's Rules for the Division of Business Among District Judges, the three above-entitled actions should be consolidated for, at a minimum, discovery purposes. Rule 42(a) permits a court to consolidate multiple actions where they involve "common issues of law or fact."[1] Fed. R. Civ. P. 42(a). District courts have "broad discretion" to consolidate such actions, and generally favor the view that "considerations of judicial economy favor consolidation." *See, e.g., Weiss v. Friedman, Billings, Ramsey Group, Inc.*, No. 05 Civ. 4617 (RJH), 2006 WL 197036, at *1 (S.D.N.Y. Jan. 25, 2006). In addition, Rule 15 of the Southern District's Rules for the Division of Business Among District Judges, provides that:

> [A] civil case will be deemed related to one or more other civil cases and will be transferred for consolidation or coordinated pretrial proceedings when the interests of justice and efficiency will be served. In determining relatedness, a judge will consider whether (i) a substantial saving of judicial resources would result; or (ii) the just efficient and economical conduct of the litigations would be advanced; or (iii) the convenience of the parties or witnesses would be served.

Having reviewed the complaints filed in these actions, the Court finds that consolidation of these actions will serve the interests of justice and efficiency, and will likely result in a substantial saving of judicial resources. Plaintiffs in each action assert claims under 42 U.S.C. §

---

[1] Rule 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

1983 for false arrest and false imprisonment, as well as state-law assault and trespass claims, arising from an alleged "sweep" of individuals suspected of being involved in narcotics activity in the Red Hook section of Brooklyn, New York, by New York City Police Officers on the night of April 28, 2006. Although each action contains some distinct factual allegations, it is beyond doubt that the actions present common questions of law and fact including, but not limited to, the facts underlying the execution of the search warrants on the night in question, as well as the lawfulness of such warrants, and the alleged policy or custom maintained by the defendant City of New York and Police Commissioner Raymond Kelly ("Commissioner Kelly") that allegedly caused plaintiffs' injuries.

Second, the Court grants defendants' request to transfer the actions to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). The burden is on the moving party to make a "clear and convincing showing" that transfer is proper. *Habrout v. City of New York*, 143 F. Supp.2d 399, 401 (S.D.N.Y. 2001); *see also Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978) ("[T]he burden is on the defendant, when it is the moving party, to establish that there should be a change of forum."). Specifically, the movant must establish that (1) the action "might have been brought in the proposed transferee forum"; and (2) "the transfer promotes convenience and justice." *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp.2d 325, 327 (E.D.N.Y. 2006); *see also Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp.2d 49, 56 (S.D.N.Y. 2001).

3

As to the first inquiry, plaintiffs in the *McLaughlin* action dispute that any of the actions could have been brought in the proposed transferee forum, the Eastern District of New York.[2] Specifically, the *McLaughlin* plaintiffs assert that Commissioner Kelly *cannot* be sued in his official capacity in any district *other than* the Southern District of New York.   (*See McLaughlin* Pls.' Nov. 30, 2007 Ltr. at 2-3.)  Plaintiffs assert that, pursuant to 28 U.S.C. 1391(b)(1), Commissioner Kelly "resides" solely within the Southern District and, thus, "venue is mandated" in that district alone. (*Id.*)  The Court rejects plaintiffs' argument.

It appears that plaintiffs' counsel has simply failed to consider the entirety of the venue statute. Although the first prong of Section 1391(b) locates venue in "a judicial district where any defendant resides," the second prong of the statute unambiguously indicates that, regardless of the defendant's residence, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(1)-(2). Thus, with regard to the *McLaughlin* action, even assuming *arguendo* that Commissioner Kelly resides solely in the Southern District of New York[3], and, thus, that venue of the action is proper in the Southern District of New York pursuant to the first prong of Section 1391(b), it is beyond doubt that a "substantial part of the events" giving rise to plaintiffs' claims occurred in the Eastern District of New York and, thus, that venue is also proper in that district. 28 U.S.C. § 1391(b)(2). Specifically, the allegedly unlawful searches, arrests, trespasses, and assaults relating to the *McLaughlin* plaintiffs and their residences — from which plaintiffs' claims

---

[2] Plaintiffs in the remaining actions do not join in this argument and concede that the actions could have been brought in the Eastern District of New York.

[3] The *McLaughlin* plaintiffs fail to provide any support for this proposition, and the Court makes no finding as to the accuracy of that assertion.

4

directly arise — all occurred in the Red Hook section of Brooklyn, which is, of course, located in

the Eastern District of New York. *See generally Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d

408, 433 (2d Cir. 2005) ("'Substantiality' for venue purposes is more a qualitative than a

quantitative inquiry. . . . When material acts or omissions within the forum bear a close nexus to

the claims, they are properly deemed 'significant' and, thus, substantial . . . ."). Thus, pursuant

to the second provision of Section 1391(b), venue in these actions is clearly proper in the Eastern

District of New York.

Furthermore, the Court finds that transfer of these actions promotes the interests of

convenience and justice. District courts have broad discretion in evaluating these interests as

they relate to a transfer motion. *See In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir.

1992) ("[M]otions for transfer lie within the broad discretion of the district court and are

determined upon notions of convenience and fairness on a case-by-case basis."); *First City Nat'l*

*Bank and Trust Co. v. Simmons*, 878 F.2d 76, 80 (2d Cir. 1989) ("Balancing factors of

convenience is essentially an equitable task. For that reason, an ample degree of discretion is

afforded to the district courts in determining a suitable forum."). Having examined the

complaints in these actions, and considered the relevant factors –– including plaintiff's choice of

forum, the locus of the operative facts, the convenience of likely witnesses and the parties, the

location of relevant documents and the relative ease of access to sources of proof, the availability

of process to compel attendance of unwilling witnesses, the proposed forum's familiarity with

the governing law, and trial efficiency and the interest of justice based on the totality of the

circumstances, *see, e.g., POSVEN, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 404

(S.D.N.Y. 2004) — the Court finds that all or most of the material events, documents, persons, and potential witnesses related to these actions are located in the Eastern District of New York, and, therefore, transfer of the actions is appropriate.

Although plaintiffs's chosen forum is the Southern District of New York, and that choice is normally accorded significant deference, it is "given less weight" where, as here, the respective actions' "operative facts have little connection with the chosen forum." *Frame v. Whole Foods Market, Inc.*, No. 06 Civ. 7058 (DAB), 2007 WL 2815613, at *5 (S.D.N.Y. Sept. 24, 2007) (quoting *UFH Endowment, Ltd. v. Nevada Manhattan Mining, Inc.*, No. 98 Civ. 5032 (DAB), 2000 WL 1457320, at *5 (S.D.N.Y. Sept. 28, 2000)) (internal quotation marks and additional citation omitted). Indeed, the sole fact asserted by plaintiffs that connects the actions to this District is that, following their arrests, at least some of the plaintiffs were allegedly detained by defendants in a correctional facility in Manhattan for over forty-eight hours. The Court finds this fact, by itself, insufficient to withstand defendants' transfer motion, at least where the remaining factors all favor transfer of the actions.[4]

---

[4] Defendants indicate that a case currently pending before the Honorable Carol B. Amon, District Judge, in the Eastern District of New York, *Johnson, et al., v. City of New York*, No. 07 Civ. 905 (CBA) (JMA), also arises out of the alleged "sweep" at issue in the above-entitled actions and, therefore, is "related" to the instant actions. (Defs.' Nov. 14, 2007 Ltr. at 1.) However, because the *Johnson* action is pending in another district, this Court is without authority to consolidate it with the above-entitled actions. *See, e.g, Williams v. City of New York*, No. 03 Civ. 5342 (RWS), 2006 WL 399456, at *1 n.1 (S.D.N.Y. Feb. 21, 2006); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2382 ("Actions pending in different districts may not be consolidated . . . ."). In any event, the Court has not been provided with a copy of the pleadings in the *Johnson* action, and, therefore, takes no position as to whether the *Johnson* action shares common questions of law and fact with the above-entitled actions.

Accordingly, for the foregoing reasons, defendants' application to consolidate and to transfer the three above-entitled actions is GRANTED in its entirety. The Clerk of the Court is directed to CONSOLIDATE the three above-entitled actions for discovery purposes. All filings in connection with the consolidated action should be docketed in the lowest-numbered case, No. 07 Civ. 5573. The Clerk of Court is further directed to TRANSFER the three above-entitled actions to the Eastern District of New York.

SO ORDERED.

Dated:        December 27 2007
              New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

7