UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
CARLOS ARCE,

                            PLAINTIFF,

    - against -

                                                      08 CV 3871 (JSR)

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, RAY KELLY
AS COMMISSIONER OF NEW YORK CITY POLICE
DEPARTMENT, DETECTIVE SHANE LEFEBVRE
TAX ID #922634 and UNDERCOVER DETECTIVE
WITH SHIELD #7689, AND JOHN DOE OFFICERS 1-10
                            DEFENDANTS.
------------------------------------------------------------------------ X

**MEMORANDUM OF LAW
IN OPOSITION OF MOTION
TO TRANSFER VENUE**
**Preliminary Statement**

    Plaintiff, Carlos Arce, respectfully submits this memorandum of law in opposition to defendant's motion, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the United States District Court for the Eastern District of New York.

    This case should be tried in the Southern District. Venue is proper in the Southern District. Litigating in this District works no inconvenience on any party or witness. The individual defendants will go to Manhattan for every meeting with their lawyers, whether or not the case is tried in Brooklyn, Long Island or Manhattan. Plaintiff's deposition will be held at 100 Church Street even if the case proceeds in Brooklyn or Long Island. Defendants' deposition will be held either at the Law Department, or at plaintiff's, counsel's office at 277 Broadway, Suite 108. All Discovery Demands, pleadings and motions, including this one, will go through 100 Church Street and One Police Plaza without regard to District. Further, the balance of factors do not weigh in favor of a transfer to the Eastern District.

1

POINT I

BECAUSE THE BALANCE OF FACTORS ARE
NOT STRONGLY IN FAVOR OF THE DEFENDANTS,
PLAINTIFF'S CHOICE OF FORUM
SHOULD NOT BE DISTURBED.

This Court should follow the decision in Habrout v. City of New York, 143 F. Supp. 2d 399 (SDNY 2001) (denying motion to transfer § 1983 police misconduct action to the Eastern District); See also, Schwartz v. Marriot Hotel Services, Inc. 186 F. Supp. 2d 245, 248 (E.D.N.Y. 2002) (general factors to be considered; denying transfer of diversity to New Jersey.

Jurisdiction here is based on federal question 28 U.S.C. § 1331 and § 1343 and (4). Venue is proper in the Southern District of New York because defendant City of New York resides in that judicial district. 28 U.S.C. § 1391(b), (non-diversity cases "may… be brought only in … a judicial district where any defendant resides,…."). As a municipal corporation, defendant City is subject to personal jurisdiction and is deemed to reside in each of the five counties comprising the City. 28 U.S.C. § 1391(c).

As the Supreme Court has stated, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947); Habrout v. City of New York, 143 F. Supp. At 401 (a plaintiff's choice of forum is "significant and will not be disturbed unless the balance of factors weighs heavily in favor of transfer."). Plaintiff made the considered choice of proceeding in the Southern District. A decision to override a plaintiff's initial selection of a proper forum must be established by a "clear and convincing showing" of inconvenience to parties or witnesses. Id. At 401. As noted in Habrout, even

2

"[t]hough the weight accorded to plaintiff's choice of forum is reduced when the chosen forum is neither where plaintiff resides nor where the events giving rise to the action occurred, as is the case here. Plaintiff's choice of forum nevertheless should not be disturbed unless the balance of factors weighs in favor of a transfer." 143 F.Supp. at 401.

Litigating in the Southern District works no inconvenience on any party or witness. The individual defendants will go to Manhattan for every meeting with their lawyers whether or not the case is tried in Brooklyn or Manhattan. Plaintiff's deposition will be held at 100 Church Street even if the case proceeds in Brooklyn. Defendant's depositions will be held either at the Law Department or at plaintiff's counsel's offices in downtown Manhattan. Discovery demands and requests will go through 100 Church Street and One Police Plaza without regard to the District. See Habrout v. City of New York, 143 F.Supp. at 401 (rejecting defendants' claim that "being compelled to appear in New York's Southern District Courthouse, which lies just across the East River and just over the Brooklyn Bridge from the Eastern District, inconveniences them to the degree that plaintiff should be deprived of his choice of forum."); Williams v. City of New York, 03 Civ. 5342; 2006 WL 399456 at *3 S.D.N.Y. 2006 (noting in a §1983 prisoners rights action alleging assaults by Correction staff in Brooklyn and Queens that whether venue is in the Eastern or Southern District does not effect convenience of parties or witnesses, availability or cost of process to compel witnesses presence, ease of access to sources of proof, calendar congestion or where the events in issue took place).

Lastly, the City in its brief, foot note 1, page 7, cites Hasan v. The City of New York, S.D.N.Y. 07 Cv. 11467 (VM) (Jan. 7, 2008) and Sylvia Burrus v. City of New York, S.D.N.Y., 07 Cv. 5573 (RJS) (Dec. 29, 2007), for the proposition that "cases are routinely transferred from the Southern to the Eastern District of New York". A closer look at the facts of those cases, show that all

3

the plaintiff's reside in Brooklyn, the precinct is in Brooklyn and the events took place in Brooklyn, none of which we have here, in the case before your Honor. All events took place in Queens, not Brooklyn, the Precinct and the plaintiffs reside in Queens. An additional factor in Burrus for the Court transferring the case was that the City made a request to consolidate, because there was a related case in the Eastern District: Sabrina Johnson et al., v. City of New York, 07 Cv 905 (JMA). This Court should not transfer this case, because the Southern District has a companion case, before Judge Koeltz, Sonia Aguirre V. City of New York, 08 CV 02448 2008. The Aguirre's case involves the same detectives and place of occurrence; and, a discovery schedule is in place. As such, this matter should also remain in the Southern District of New York.

## CONCLUSION

For the reasons herein, plaintiff request that the defendant's motion be denied in its entirety, and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
       June 12, 2008

RESPECTFULLY SUBMITTED,

BY: JOSE A. MUÑIZ, ESQ.
THE LAW OFFICE OF JOSE A. MUÑIZ, P.C.
277 BROADWAY, SUITE 108
NEW YORK, NEW YORK, 10007
(212) 964-3736
Jamlaw305@aol.com

4

## CERTIFICATE OF SERVICE

I, Rosario Torres, hereby certify that I have filed this same day, both in electronic and paper form, the Plaintiff's Memorandum of Law upon Barry Myrvold, Assistant Corporation Counsel, by First-Class mail to his office located at The City of New York, Law Department, 4th Floor, New York, NY 1007.

.

_____
ROSARIO TORRES

DATE: June 12, 2008