08 CV 3871 (JSR)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS ARCE,

Plaintiff,

-against-

CITY OF NEW YORK, ET AL.,

Defendants.

## REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER VENUE

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
*Attorney for Defendants*
NEW YORK CITY, NEW YORK CITY POLICE
DEPARTMENT, AND RAYMOND W. KELLY
100 Church Street
New York, New York 10007
(212) 788-9391

# TABLE OF AUTHORITIES

**Cases**                                                                    **Pages**

Amersham Pharmacia Bitech v. Perkin-Elmer Corp.,
    11 F. Supp. 2d 729 (S.D.N.Y. 1998)............................................................... 3-4

Burrus v. City of New York,
    07 Civ. 5573(RJS) (S.D.N.Y., December 29, 2007)..........................................2, 3

In re Cuyahoga Equip. Corp.,
    980 F.2d 110 (2d Cir. 1992) ........................................................................ 3-4

Habrout v. City of New York,
    143 F. Supp. 2d 399 (S.D.N.Y. 2001).............................................................3

Hasan v. The City of New York,
    07 Civ. 11467(VM) (S.D.N.Y., January 7, 2008)..........................................2, 3

Matra Et Manurhin v. International Armament Co.,
    628 F. Supp. 1532 (S.D.N.Y. 1986)...............................................................2

Royal Ins. Co. of Am. v. Tower Records, Inc.,
    2002 U.S. Dist. LEXIS 20109 (S.D.N.Y. Oct. 21, 2002) ....................................2-3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CARLOS ARCE,

                                        Plaintiff,              08 CV 3871 (JSR)

                -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, RAY KELLY AS COMMISSIONER OF
NEW YORK CITY POLICE DEPARTMENT,
DETECTIVE SHANE LEFEBVRE TAX ID #922634 and
UNDERCOVER DETECTIVE WITH SHIELD #7689,
AND JOHN DOE OFFICERS 1-10,

                                        Defendants.

------------------------------------------------------------------------ x

## REPLY MEMORANDUM OF LAW
## IN SUPPORT OF MOTION
## TO TRANSFER VENUE

Plaintiff argues that the City's 28 U.S.C. § 1404(a) motion should be denied
because the Southern District, as plaintiff's forum choice, should not be lightly disturbed.
Plaintiff's Memo, pp. 2-3. But plaintiff fails to dispute – or even address – the fact that Southern
District has no connections to the parties or the events allegedly underlying this action, and
hence plaintiff's choice of forum is entitled to less deference. See, e.g., Defendant's Memo, p. 8.
Rather, plaintiff simply states, in a conclusory fashion, that he made a "considered choice in
proceeding in the Southern District." Plaintiff's Memo, p. 2. Plaintiff does not indicate what
considerations went into that choice.

Plaintiff also argues that the motion should be denied because it would not be
inconvenient to litigate this case in the Southern District because this is where the parties'
attorneys have their offices. Plaintiff's Memo, pp. 1, 3. Put another way, it would seem that an

apparent reason for plaintiff's selection of this district is that plaintiff's counsel's offices are located here, but the location of counsel's office is a factor of relatively little consequence. Matra Et Manurhin v. International Armament Co., 628 F. Supp. 1532, 1535 n.5 (S.D.N.Y. 1986). Regardless, the City does not really dispute that the convenience of parties and witnesses factors are neutral between the Southern and Eastern Districts, or only marginally favor the Eastern District (mainly because the Eastern District Courthouse is physically closer to Queens than the Southern District Courthouse). Defendant's Memo, pp. 6-7.

Rather, the City premised its motion on two other factors – the locus of the underlying events, and trial efficiency and the interests of justice - both of which strongly favor the Eastern District over the Southern District. Defendant's Memo, pp. 7, 8-9. Plaintiff does not dispute that these factors favor the Eastern District because he can't. Here, all of the underlying events occurred in the Eastern District, and all of the parties, witnesses and documents are located in the Eastern District. These factors alone provided sufficient basis for the recent transfer of two cases – Taji Hasan v. The City of New York, 07 Civ. 11467(VM) (S.D.N.Y. Jan. 7, 2008), and Sylvia Burrus v. City of New York, 07 Civ. 5573(RJS) (S.D.N.Y. Dec. 29, 2007)[1] – to the Eastern District. Plaintiff attempts to distinguish these cases by pointing out that the locus of the underlying events in those cases occurred in Brooklyn and the locus of the underlying events in this case occurred in Queens, Plaintiff's Memo, pp. 3-4, but this is a distinction without a difference. Both Brooklyn and Queens are in the Eastern District.

Also, as mentioned above, trial efficiency and the interests of justice favor the Eastern over the Southern District. This factor "relates largely to issues of judicial economy, primarily the docket conditions and calendar congestion of both the transferor and the transferee

---

[1] Copies of these unreported decisions are attached to the City's opening Memorandum.

districts." Royal Ins. Co. of Am. v. Tower Records, Inc., 2002 U.S. Dist. LEXIS 20109 (S.D.N.Y. Oct. 21, 2002). Considering docket and calendar issues, transfer is warranted to maintain a proper balance in workload between the Southern and Eastern Districts in cases involving § 1983 claims against the City or its agencies. Defendant's Memo, pp. 8-9.

Finally, plaintiff argues that venue in this district is proper because there is a companion case pending Southern District captioned Sonia Aguirre v. City of New York, 08 Civ. 2448 (JGK). Plaintiff's Memo, p. 4. However, this argument is a little disingenuous as plaintiff has not complied with Local Rule 1.6[2], and apparently did not mention this similar case on his Civil Cover Sheet, otherwise this case would have been referred to Judge Koeltl. Further, plaintiff has not provided the Court with a copy of the pleadings to demonstrate that these actions share commons questions of law and fact.

Plaintiff urges this Court to follow Habrout v. City of New York, 143 F. Supp. 2d 399 (S.D.N.Y. 2001), wherein Judge Berman denied the City's motion to transfer venue from the Southern to Eastern Districts; however, the Habrout case – and the Hasan and Burrus cases cited by the City for that matter - are not determinative of the outcome of this motion as "[r]esolution of a § 1404(a) motion lies 'within the broad discretion of the district court and [is] determined upon notions of convenience and fairness on a case-by-case basis.'" Amersham Pharmacia

---

[2] Local Civil Rule 1.6, which relates to the duty of attorneys in related cases, provides that:
"(a) It shall be the continuing duty of each attorney appearing in any civil or criminal case to bring promptly to the attention of the clerk all facts which said attorney believes are relevant to a determination that said case and one or more pending civil or criminal cases should be heard by the same judge, in order to avoid unnecessary duplication of judicial effort. As soon as the attorney becomes aware of such relationship, said attorney shall notify the clerk in writing, who shall transmit that notification to the judges to whom the cases have been assigned.
(b) If counsel fails to comply with Local Civil Rule 1.6(a), the court may assess reasonable costs directly against counsel whose action has obstructed the effective administration of the court's business."

Biotech v. Perkin-Elmer Corp., 11 F. Supp. 2d 729, 730 (S.D.N.Y. 1998) (quoting In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992)). Here, the notions of convenience and fairness favor transfer to the Eastern District.

## CONCLUSION

For the reasons set forth herein and in defendant's opening Memorandum, defendants respectfully request that this Court grant their motion, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the Eastern District of New York.

Dated:     New York, New York
           June 19, 2008

                                   Respectfully submitted,

                                   MICHAEL A. CARDOZO
                                   Corporation Counsel of the City of New York
                                   *Attorney for Defendants*
                                   CITY OF NEW YORK, NEW YORK CITY
                                   POLICE DEPARTMENT and RAYMOND W.
                                   KELLY
                                   100 Church Street, Room 3-162
                                   New York, New York 10007
                                   (212) 788-9391
                                   bmyrvold@law.nyc.gov

                          By:      _____
                                   Barry Myrvold

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2008, a copy of defendants' Notice of Motion and Supporting Papers, and a copy of defendants' Memorandum of Law on defendants' motion to change venue, and that on June 18, 2008, a copy of defendants' Reply Memorandum of Law, were served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

By U.S. Mail and ECF:
Jose Muniz
Law Office of Jose Muniz, P.C.
*Attorney for Plaintiff*
277 Broadway, Suite 108
New York, New York 10007
(212) 964-3736

DATED:     New York, New York
           June 18, 2008

_____
Barry Myrvold