UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CARLOS ARCE,

                                         Plaintiff,

                    -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, RAY KELLY AS
COMMISSIONER OF NEW YORK CITY POLICE
DEPARTMENT, DETECTIVE SHANE LEFEBVRE,
TAX ID #922634 and UNDERCOVER DETECTIVE
WITH SHIELD #7689 AND JOHN DOE OFFICERS 1-
10,

                                         Defendants.

------------------------------------------------------------------------ x

08 CV 3871 (JSR)

**ANSWER**

**JURY TRIAL DEMANDED**

        Defendant[1] City of New York by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for its answer to the Complaint, dated January 2008, respectfully states, upon information and belief, as follows:

        1.    Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff has commenced an action as stated therein.

        2.    Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        3.    Denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiff has commenced an action as stated therein.

        4.    Denies the allegations set forth in paragraph "4" of the Complaint, except

---

[1] On information and belief, the defendants New York City Police Department, Ray Kelly, Shane

admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

    5. Denies the allegations set forth in paragraph "5" of the Complaint.

    6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

    7. Admits the truth of the allegations set forth in paragraph "7" of the Complaint.

    8. Denies the allegations set forth in paragraph "8" of the Complaint, except admits that the City maintains a police department known as the New York City Police Department, and respectfully refer the Court and plaintiff to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the New York City Police Department.

    9. Denies the allegations set forth in paragraph "9" of the Complaint, except admits that on September 7, 2006 Lefebvre was employed by the City as a police detective.

    10. Denies the allegations set forth in paragraph "10" of the Complaint, except admits that on September 7, 2006 an undercover detective with shield # 7689 was employed by the City.

    11. Denies the allegations set forth in paragraph "11" of the Complaint.

    12. Denies the allegations set forth in paragraph "12" of the Complaint, except admits that on September 7, 2006, and the present time, Raymond Kelly was and is Commissioner of the New York City Police Department.

    13. Denies the allegations set forth in paragraph "13" of the Complaint,

---

Lefebvre and undercover detective 7689 have not been served with process in this action.

except admits that plaintiff has commenced an action as stated therein.

14. Denies the allegations set forth in paragraph "14" of the complaint, except states that the allegations that defendants acted under color of law are legal conclusions that do not require a response.

15. States that the allegations set forth in paragraph "15" of the complaint purportedly demanding a jury trial do not require a response.

16. In response to the allegations set forth in paragraph "16" of the Complaint, defendant repeats the responses set forth in the previous paragraphs of this answer as if fully set forth herein.

17. Denies the allegations set forth in paragraph "17" of the Complaint.

18. Denies the allegations set forth in paragraph "18" of the Complaint, except admits that plaintiff was arrested by Lefebvre.

19. Denies the allegations set forth in paragraph "19" of the Complaint, and its subparts.

20. Denies the allegations set forth in paragraph "20" of the Complaint.

21. Denies the allegations set forth in paragraph "21" of the Complaint.

22. Denies the allegations set forth in paragraph "22" of the Complaint, except admits that Lefebvre and undercover detective #7689 were employed by the City as police detectives, and state that the allegations whether they acted under color of state law are legal conclusions that do not require a response.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint, except state that the allegations whether police officers were acting under orders and directives from the City are legal conclusions that do not require a response.

24. Denies the allegations set forth in paragraph "24" of the Complaint.

25. Denies the allegations set forth in paragraph "25" of the Complaint.

26. In response to the allegations set forth in paragraph "26" of the Complaint, defendant repeats the responses set forth in the previous of this answer as if fully set forth herein.

27. Denies the allegations set forth in paragraph "27" of the Complaint.

28. Denies the allegations set forth in paragraph "28" of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30. Denies the allegations set forth in paragraph "30" of the Complaint.

31. Denies the allegations set forth in paragraph "31" of the Complaint.

32. Denies the allegations set forth in paragraph "32" of the Complaint.

33. In response to the allegations set forth in paragraph "33" of the Complaint, defendants repeat the responses set forth in the previous paragraphs of this answer as if fully set forth herein.

34. Denies the allegations set forth in paragraph "34" of the Complaint.

35. Denies the allegations set forth in paragraph "35" of the Complaint.

36. Denies the allegations set forth in paragraph "36" of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38. Denies the allegations set forth in paragraph "38" of the Complaint.

39. Denies the allegations set forth in paragraph "39" of the Complaint.

40. Denies the allegations set forth in paragraph "40" of the Complaint.

41. Denies the allegations set forth in paragraph "41" of the Complaint.

42. Denies the allegations set forth in paragraph "42" of the Complaint.

43. Denies the allegations set forth in paragraph "43" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

44. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

45. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

46. At all times relevant to the acts alleged in the complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, the City has governmental immunity from liability.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

47. Plaintiff provoked or was at fault for the incident.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

48. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendant.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

49. There was reasonable suspicion and/or probable cause to arrest, detain

and prosecute plaintiff.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

50. Punitive damages cannot be assessed as against the City of New York.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

51. To the extent that the Complaint alleges any claims arising under the laws of the State of New York, such claims are barred by reason of plaintiff's failure to comply with the requirements of the New York General Municipal Law, including, §§ 50-e, 50-h and/or 50-i.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

52. Plaintiff's state law claims are barred in whole or in part under the statutes of limitations.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

53. Venue of this action properly belongs in the Eastern District of New York.

WHEREFORE, defendant City of New York demands judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED:   New York, New York
         June 27, 2008

Respectfully submitted,

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for Defendant*
CITY OF NEW YORK
100 Church Street, Room 3-162
New York, New York  10007
(212) 788-9391
bmyrvold@law.nyc.gov


By:  /s/     Barry Myrvold

<u>By ECF To:</u>
Jose Muniz
Law Office of Jose A. Muniz, P.C.
*Attorneys for Plaintiff*
277 Broadway, Suite 108
New York, New York 10007
(212) 964-3736