```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
CARLOS ARCE,                             :
                                         :
              Plaintiff,                 :       08 Civ. 3871 (JSR)
                                         :
         -v-                             :       MEMORANDUM
                                         :
CITY OF NEW YORK, NEW YORK CITY          :
POLICE DEPARTMENT, RAYMOND KELLY, as     :
Commissioner of New York City Police     :
Department, DETECTIVE SHANE LEFEBVRE,    :
UNDERCOVER DETECTIVE SHIELD #7689,       :
JOHN DOE OFFICERS 1-10,                  :
                                         :
              Defendants.                :
---------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

  Plaintiff Carlos Arce brings this action against the above named defendants alleging civil rights violations under 28 U.S.C. § 1983 in connection with his September 7, 2006 arrest. By Order dated July 7, 2008, the Court denied the motion of defendants City of New York, New York City Police Department, and Police Commissioner Raymond Kelly for an order pursuant to 28 U.S.C. § 1404(a) transferring this action to the United States District Court for the Eastern District of New York. This Memorandum sets forth the reasons for that Order.

  "[F]or the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Where, as here, an action may have been properly brought in a different forum, "[r]esolution of a § 1404(a) motion lies 'within the broad discretion of the district court'" and notions of

convenience and fairness are weighed on a case-by-case basis. Amersham Pharmacia Biotech v. Perkin-Elmer Corp., 11 F. Supp. 2d 729, 730 (S.D.N.Y. 1998)(quoting Publicker Indus. Inc. v. United States (In re Cuyahoga Equip. Corp.), 980 F.2d 110, 117 (2d Cir. 1992)); see also D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006).

However, "'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" Ford Motor Co. v. Ryan, 182 F.2d 329, 330 (2d Cir. 1950)(quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)). While plaintiff's choice is entitled to less deference where, as here, plaintiff does not reside in the district where he brought suit, the moving party has the burden to prove the propriety of transfer by a clear and convincing showing. See McCain v. Rahal Letterman Racing, LLC, No. 07 Civ. 5729, 2007 WL 2435170, at *3 (S.D.N.Y. Aug. 27, 2007); Habrout v. City of New York, 143 F. Supp. 2d 399, 401 (S.D.N.Y. 2001).

The parties here are agreed that, on the one hand, the locus of the operative facts (involving an arrest in Queens of a Queens resident) is the Eastern District of New York; but that, on the other hand, there is not much difference in convenience or inconvenience between the federal court in Manhattan and the federal court in Brooklyn, so that the traditional § 1404(a) factors, see Amersham, 11 F. Supp. 2d at 730 (listing factors), make little difference here. Both sides are also agreed that, even if the case is transferred to

the Eastern District, most pre-trial discovery will take place in plaintiff counsel's office and in defendant counsel's office, both in Manhattan, as well as at the New York City police headquarters, also in Manhattan.

Defendants argue that, nonetheless, the case should be transferred to the Eastern District of New York because, in their view, plaintiff's counsel is forum shopping, bringing this case in the Southern District of New York only because courts in this District allegedly award higher attorneys fees than do courts in the Eastern District of New York. Defendants' Memorandum of Law at 8-9; Defendants' Reply Memorandum of Law in Support of Motion to Transfer Venue at 2-3. Since plaintiff has chosen to employ a Manhattan lawyer to bring this claim, it is not clear that this would be an unreasonable reason for bringing the case here or that it would warrant transfer "in the interests of justice." But in any event, plaintiff's counsel has flatly denied that this was his motivation for bringing the claim here, see Tr. 8:2-9:22, June 26, 2008, and defendants have provided no good reason to question his credibility.

According, the Court, by Order dated July 7, 2008, denied defendants' motion for transfer of venue.

Dated: New York, NY
       July 16, 2008

_____
JED S. RAKOFF, U.S.D.J.